OPINION
Defendant-appellant, David M. Martin, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of kidnapping in violation of R.C. 2905.01, and two counts of felonious assault in violation of R.C. 2903.11. Because the trial court failed to comply with the relevant sentencing statutes, we remand for re-sentencing. In all other respects, the judgment of the trial court is affirmed.
On June 9, 1997, at approximately 1:00 a.m., Earnest Dillard observed some individuals attempting to enter his automobile. Dillard shouted to them and subsequently gave chase. Approximately three blocks from his home, Dillard confronted the ones he believed to be responsible. An altercation ensued, and as a result Dillard and his wife, Kathleen Wagman, were injured. After the police arrived on the scene, Dillard and two other observers identified and implicated defendant in the attack. Defendant was taken into custody and ultimately indicted on two counts of felonious assault and one count of kidnapping. Following a jury trial in which defendant was found guilty of the indicted offenses, the trial court sentenced defendant accordingly. Defendant appeals, assigning the following errors:
 I. THE SENTENCES THE TRIAL COURT IMPOSED WERE CONTRARY TO LAW, THUS DEPRIVING APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS.
 II. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF UNDULY SUGGESTIVE, UNRELIABLE EYEWITNESS IDENTIFICATIONS MADE AT THE CRIME SCENE AND ADMITTING TAINTED IN-COURT IDENTIFICATIONS THAT WERE BASED ON THEM, THUS DEPRIVING APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
 III. DEFENSE COUNSEL WAS INEFFECTIVE IN HIS REPRESENTATION OF APPELLANT FOR HIS FAILURE TO FILE A MOTION TO SUPPRESS THE EYEWITNESS IDENTIFICATIONS, AND TO OBJECT TO THE IN-COURT IDENTIFICATIONS BASED THEREON; FOR HIS FAILURE TO OBTAIN THE TESTIMONY OF AN EXPERT WITNESS ON IDENTIFICATION; AND FOR HIS FAILURE TO OBJECT TO THE IMPOSITION OF SENTENCES CONTRARY TO LAW, THUS DEPRIVING APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 IV. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THUS DEPRIVING HIM OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 V. THE TRIAL COURT ERRED WHEN IT ENTERED SEPARATE CONVICTIONS AND IMPOSED SENTENCES FOR BOTH FELONIOUS ASSAULT AND KIDNAPPING, IN VIOLATION OF R.C. 2941.25 AND APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND TO PROTECTION AGAINST DOUBLE JEOPARDY, BECAUSE THE KIDNAPPING WAS MERELY INCIDENTAL TO THE FELONIOUS ASSAULTS.
Defendant's first assignment of error contends the trial court erred in sentencing him. Specifically, defendant asserts the length of his sentence violates the provisions of R.C. 2929.14(B) because the trial court failed to make the findings necessary to allow the court to deviate from the minimum sentence. Moreover, defendant contends the imposition of consecutive sentences lacks the findings and reasons required under R.C.2929.14(E)(4) and 2929.19(B)(2)(c), respectively. The state properly concedes error.
Under R.C. 2929.14(B), "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. The two statutorily sanctioned reasons are that a shorter term either will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.19(B). Imposition of more than the minimum sentence, however, does not require the trial court to set forth its reasons for finding the existence of either or both statutorily sanctioned reasons. Edmonson, supra, at syllabus.
Defendant was convicted of two second degree felony counts of felonious assault and one first degree felony count of kidnapping, and defendant had not previously served a prison term. The trial court exceeded the minimum sentence by imposing a sentence of five years on each of the two felonious assault convictions and eight years on the kidnapping conviction. Although the trial court indicated at sentencing it found the offenses to be very serious and racially motivated, and further found defendant possesses a substantial risk of recidivism, the trial court did not "specify either of these [the two statutorily sanctioned] reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence * * *." Edmonson, supra, at 328.
Defendant also contends that the trial court erred by requiring the two felonious assault convictions to be served consecutively. Certain findings are required prior to the imposition of consecutive sentences. Specifically, the trial court not only must make the findings required under R.C. 2929.14(E), but also must give its reasons for those findings, as required under R.C. 2929.19(B)(2)(c). Here, the record does not contain the necessary findings or reasons.
Because the trial court failed to make the required findings and state the reasons in support of the sentence imposed, we sustain defendant's first assignment of error to the extent indicated.
Defendant's second assignment of error contends the trial court violated his right to due process by admitting evidence of unreliable eyewitness identifications. Specifically, defendant asserts the eyewitness identifications made at the crime scene by Dillard and by Brandi and Greg McCown were unduly suggestive. Moreover, defendant contends the identifications tainted subsequent in-court identifications. Because defendant did not object to the admission of the eyewitness identifications, he has waived all arguments except plain error. Crim.R. 52(B); State v. Wickline (1990), 50 Ohio St.3d 114. Plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
To set aside defendant's conviction on the basis that the admission of eyewitness identification violated due process, defendant must show the identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States (1968), 390 U.S. 377, 384; State v. Butler (1994), 97 Ohio App.3d 322, 325. It is the "likelihood of misidentification which violates a defendant's right to due process * * *." Neil v. Biggers (1972), 409 U.S. 188, 198; State v. Jells (1990),53 Ohio St.3d 22, 27. The factors to consider when "evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil, supra, at 199.
Here, Dillard, Brandi and Greg McCown identified defendant at a "showup" on the night of the crime. In an attempt to demonstrate the suggestive nature of the showup, defendant notes the inconsistencies in testimony concerning where the suspects were located and whether they were handcuffed when identified. A "showup" identification is inherently suggestive. See, e.g., Ohio v. Barnett (1990), 67 Ohio App.3d 760. However, "the admission of evidence of a `showup' without more does not violate due process." Neil, supra, at 198. Under the factors used in Neil, the showup must be not only be overly suggestive, but create a substantial likelihood of misidentification. Id. at 199; Barnett, supra, at 768.
Under the Neil factors, Dillard's identification was properly admitted. Dillard had an excellent opportunity to view defendant during the crime. He initially observed defendant from his third floor window while defendant was attempting to gain access to Dillard's automobile. Although the act occurred at approximately 1:00 a.m., the area was illuminated by a one hundred watt spotlight and a second light directly above the automobiles. Dillard saw defendant again in the alley just prior to the altercation and during the course of the altercation.
Moreover, the "showup" at which Dillard identified defendant occurred only moments after the altercation had ended. "There is no prohibition against a viewing of a suspect alone in what is called a `one-man showup' when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy." State v. Madison (1980),64 Ohio St.2d 322, 332, citing Bates v. United States (C.A.D.C. 1968),405 F.2d 1104, 1106. Indeed, Dillard testified that at the time of the "showup" he was certain defendant was the perpetrator. Moreover, when the police presented multiple suspects for Dillard to identify, Dillard identified four suspects as his attackers, but also cleared other suspects of any involvement.
Defendant nonetheless argues misidentification because of Dillard's description of defendant. Dillard described defendant as a white male, approximately five foot eight, and one hundred eighty to one hundred ninety pounds. Defendant is over six feet tall and close to two hundred thirty pounds. Defects in witnesses' descriptions relating to height and weight do not fatally undermine a description. State v. Mitchell (Jan. 28, 1988), Cuyahoga App. No. 53335, unreported, where, as here, other indicia of reliability under Neil factors are present.
Similarly, the identifications made by Brandi and Greg McCown were also admissible. Brandi and Greg observed the final few minutes of the crime from their bedroom window, which is approximately fifty yards from the crime scene. Further, Brandi testified her view was unobstructed. Greg testified his view was also unobstructed, except his view of one of the other suspects who was standing on the far side of the automobile. Within minutes of the crime, Brandi and Greg each gave a description of the events and the suspects to the police. In addition, Brandi and Greg positively identified the suspects in a "showup."
Defendant contends that the identifications violated due process because the McCowns attended the "showup" together, and because their descriptions were inaccurate. Although the preferable procedure would have been to conduct the McCowns' "showup" at separate intervals, their attending the "showup" together does not in and of itself create a substantial likelihood of misidentification. Indeed, Ohio courts have upheld the use of such identifications when the identifications were otherwise reliable. See, e.g., State v. Gilreath (June 19, 1992), Greene App. No. 91 CA 35, unreported; State v. Huneke (Jan. 2, 1985), Hamilton App. No. C-840238, unreported. In this case, both witnesses observed the crime, made their identifications within one hour of the crime, and testified they were certain of their identifications. They did not converse with the other during the procedure, but made their determinations independently. Based on these facts, the identifications satisfy the criteria established in Neil. Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error contends defendant received ineffective assistance of counsel. Specifically, defendant asserts trial counsel was ineffective because counsel failed to (1) file a motion to suppress the eyewitness identifications, (2) object to the in-court identifications based on them, (3) obtain an expert witness on identifications, and (4) object to the imposition of sentences that were contrary to law.
To prevail on his claim of ineffective assistance of trial counsel, defendant must show that "counsel's performance fell below [an] objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1998), 80 Ohio St.3d 670, 674, citing Strickland v. Washington (1984), 466 U.S. 668. A two-prong test is used to examine claims of ineffective assistance of counsel. In order to meet Strickland's first prong, defendant must show counsel's conduct was objectively deficient, producing evidence that counsel acted unreasonably. State v. Sallie (1998), 81 Ohio St.3d 673, 674. In order to meet Strickland's second prong, defendant must prove that but for counsel's errors, a reasonable probability exits that the result of the trial would have been different. Sallie, supra.
To the extent that defendant attempts to demonstrate ineffective assistance of counsel based on trial counsel's failure to file a motion to suppress the identifications and failure to object to in-court identifications, defendant's assignment of error is unpersuasive. As we concluded in defendant's second assignment of error, the identifications were admissible. Accordingly, counsel's performance was not deficient in that respect.
To the extent that defendant attempts to demonstrate ineffective assistance of counsel based on trial counsel's failure to object to the sentence imposed, our resolution of defendant's first assignment of error removes any prejudice suffered by defendant.
Lastly, to the extent defendant attempts to demonstrate ineffective assistance of counsel based on trial counsel's failure to provide testimony from an identification expert, his contentions lack merit. A defendant is not denied effective assistance of counsel when defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Mannos (Apr. 2, 2001), Stark App. No. 2000CA00256, unreported, citing State v. Brown (1988), 38 Ohio St.3d 305,319. Courts have upheld an attorney's decision not to call an identification expert as a valid trial strategy, even when identity is the primary issue in the case. See State v. Madrigal (2000),87 Ohio St.3d 378, 390. In Madrigal, the Ohio Supreme Court acknowledged that identity "played an important role in the state's case." Id. In finding no ineffective assistance of counsel, the court noted the defendant was represented by experienced counsel that elected to rely on their own cross examinations of the eyewitnesses. Id.
Similarly, defendant here was represented by experienced counsel that attacked the identifications on cross- examination. Moreover, the decision not to call an expert reasonably may be deemed a strategic decision, especially since defendant also was implicated in the crime by Messer, an associate who also participated in the crime. Under the circumstances, trial counsel's performance was not deficient.
Finally, even if it trial counsel's performance was objectively deficient in failing to call an identification expert, defendant was not prejudiced. Given the testimony by a known associate implicating defendant in the crime, testimony from an identification expert would not, within reasonable probability, produce a different result. To the extent defendant suggests expert testimony would be so strong it could affect the result of the trial, defendant relies on matters outside the record and more appropriately addressed in the post-conviction proceedings. Defendant's third assignment of error is overruled.
Defendant's fourth assignment of error contends defendant's conviction is against the manifest weight of the evidence. When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380
("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
Defendant contends the verdict is against the manifest weight of the evidence because of the inconsistent testimony received at trial. As noted in the previous assignments of error, eyewitness testimony by the victim, unconnected observers, and an acquaintance of defendant, all implicated defendant in the crime. Although the evidence had some inconsistencies, that alone is insufficient to render the verdicts against the manifest weight. See State v. Collins (Apr. 10, 2001), Franklin App. No. 00AP-650, unreported. Defendant's fourth assignment of error is overruled.
Defendant's fifth assignment of error contends the trial court violated R.C. 2941.25, Ohio's multi-count statute, by entering separate convictions and sentences for the offenses of kidnapping and felonious assault. Defendant asserts the factual evidence adduced at trial indicates that the kidnapping was merely incidental to the felonious assault, that defendant's felonious assault necessarily resulted in a kidnapping, and, therefore, the two offenses are allied, allowing imposition of a single sentence for both offenses.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Initially, the statutorily defined elements of the offenses must be compared to determine whether they "correspond to such a degree that the commission of one crime will result in the commission of the other * * *." State v. Jones (1997), 78 Ohio St.3d 12, 13. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." State v. Rance (1999), 85 Ohio St.3d 632, 636, citing R.C. 2941.25(B). Moreover, under that analysis the court should view the elements in the abstract; a reviewing court shall not consider the specific facts of the case. Id.
Defendant was convicted and sentenced for kidnapping in violation of R.C. 2905.01(A). The offense of kidnapping requires the state to prove that defendant "(1) knowingly, (2) by force, (3) restrained another of his liberty." State v. Blankenship (1988), 38 Ohio St.3d 116, 118. "To establish the offense of felonious assault there must be proof that a defendant (1) knowingly (2) caused serious physical harm to another." Id. "Comparing the elements of the two crimes, we do not find that the elements correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault. A kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnapping. A person may seriously injure another without restraining the victim of his or her liberty." Id.
Defendant emphasizes in his brief that Blankenship was decided exclusively on the factual circumstances underlying the crimes at issue, and the facts of this case are sufficiently different to warrant reaching an alternate conclusion. Blankenship, however, was decided eleven years prior to Rance. In Rance, the court concluded that the statutory element analysis required under R.C. 2941.25 was to be conducted in the abstract, without regard to the underlying factual circumstances. Rance, supra, at 636-640. Further, the court specifically overruled any language in prior opinions that indicate it is appropriate to consider the underlying facts. Id. at 638. For the foregoing reasons, defendant's fifth assignment of error is overruled.
Having overruled defendant's second, third, fourth, and fifth assignments of error, but having sustained defendant's first assignment of error to the extent indicated, we affirm in part and reverse in part the judgment of the trial court and remand for re-sentencing.
 _________________________ BRYANT, P.J.
DESHLER and PETREE, JJ., concur.