THE STATE OF OHIO, APPELLEE, v.
MADISON, A.K.A. BRANCH, APPELLANT.

(No. 80-298—Decided December 30, 1980.)

*Mr. Anthony G. Pizza,* prosecuting attorney, *Mr. James D. Bates* and *Ms. Julia A. Griffis,* for appellee.
*Mr. John F. Potts,* for appellant.

LOCHER, J.

## I.

Appellant, in his first proposition of law, asserts, in essence, that the prosecution "may not use the prior recorded testimony of that witness where there was no adequate cross-examination at the preliminary hearing" and that the determination of the adequacy of the cross-examination is not merely demonstrated by the length of the cross-examination.

We hold that appellant's first proposition of law is without merit.

This court is called upon to consider the delicate relationship of the right to confrontation as expressed within the United States and Ohio Constitutions and the necessity, in certain instances, for the allowance of exceptions when public policy and the necessity of the case so warrant.

The confrontation clause of the Sixth Amendment to the United States Constitution states, in pertinent part, that:

"[I]n all criminal prosecutions, the accused shall***be confronted with the witnesses against him;***"

This right of confrontation of a witness applies to the states by virtue of the Fourteenth Amendment. *Pointer* v. *Texas* (1965), 380 U. S. 400.

Ohio has recognized by statute that prior recorded testimony is such an exception to the general rule of mandating confrontation of a witness.

R. C. 2945.49 reads as follows:

"Testimony taken at an examination or a preliminary hearing at which the defendant is present, or at a former trial of the cause, or taken by deposition at the instance of the defendant or the state, may be used whenever the witness giving such testimony dies, or cannot for any reason be produced at the trial, or whenever the witness has, since giving such testimony, become incapacitated to testify. If such former testimony is contained within a bill of exceptions, or authenticated transcript of such testimony, it shall be proved by the bill of exceptions or transcript, otherwise by other testimony."

This statute recognizes the core constitutional values yet allows for substitutions in certain circumstances.

Case law has specified that, in criminal prosecutions, prior recorded testimony may be introduced in certain circumstances if a two-prong test is adhered to. In *Barber* v. *Page* (1968), 390 U. S. 719, the United States Supreme Court set forth the criteria for the allowance of prior recorded testimony at trial when the witness is unavailable.

First, the witness must be shown to be unavailable, and there also must be shown a good faith effort to secure the witness' presence at trial. The second prong or burden is to show that there must have been an opportunity for cross-

examination to satisfy the constitutional right of confrontation. See *California* v. *Green* (1970), 399 U. S. 149.

The second prong was further analyzed and refined by the court in *Mancusi* v. *Stubbs* (1972), 408 U. S. 204.

In *Mancusi, supra,* the court, at page 213, stated:

"***[R]ecent decisions of this Court that have dealt at some length with the requirements of the Confrontation Clause are *California* v. *Green,* 399 U. S. 149 (1970), and *Dutton* v. *Evans,* 400 U. S. 74 (1970). The focus of the Court's concern has been to insure that there 'are *indicia of reliability* which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant,' *Dutton* v. *Evans, supra,* at 89, and to 'afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement,' *California* v. *Green, supra,* at 161. It is clear from these statements, and from numerous prior decisions of this Court, that even though the witness be unavailable his prior testimony must bear some of these 'indicia of reliability' referred to in *Dutton.*" (Emphasis added.)

We hold, for the reasons more fully explained herein, that appellee has met its burden on both prongs of the test, and, therefore, the transcript of Roe at the preliminary hearing was properly introduced at trial.

Initially, our discussion concerns the parameters of what constitutes unavailability and what is considered a good faith effort to secure attendance of a witness at trial. There is no clear legal pronouncement as to what constitutes a good faith effort to secure a witness for trial, but certain guidelines do emerge from case law analysis.

In *Barber, supra* (390 U. S. 719), the use of a prior recorded testimony was not admissible at trial in lieu of actual face-to-face confrontation, when it was determined that the witness was in a federal prison in a neighboring state and the prosecution made no attempt to secure the witness for trial.

In *Mancusi,* which distinguished *Barber* on its facts, the declarant, who had been born in Sweden but had become a naturalized citizen, had returned to Sweden and taken up permanent residence there. The court allowed the use of the prior recorded testimony because "the predicate of unavailability

was sufficiently stronger here than in *Barber* * * *.*" Id.*, at 212.

In *Ohio* v. *Roberts* (1980),    U. S   , 65 L. Ed. 2d 597, the United States Supreme Court set forth general guidelines for the determination of a good faith effort so as to allow a prior recorded testimony in lieu of a face-to-face confrontation at trial. The court stated, at page 613, that:

"* * *The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), 'good faith' demands nothing of the prosecution. But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith *may* demand their effectuation. 'The lengths to which the prosecution must go to produce a witness * * *is a question of reasonableness.' *California* v. *Green,* 399 U. S., at 189, n. 22* * *(concurring opinion, citing *Barber* v. *Page, supra).* The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness. As with other evidentiary proponents, the prosecution bears the burden of establishing this predicate."

The court, upon the facts therein, allowed use of the prior recorded testimony at a preliminary hearing at trial.[1]

We note that the instant cause is factually persuasive for the determination that the witness, Roe, was unavailable for trial and that appellee had met its burden of a good faith effort to secure his attendance at trial.

A gleaning of the facts herein reveals that Roe, the witness, was subpoenaed and that the investigating officer visited the last known residence of the witness and found the witness' belongings still within the premises. Further, it was shown that the witness was still receiving mail at his last known residence, which had neither been picked up nor forwarded. Testimony also indicated that the employer of the witness had not seen him since about January 8, 1979. It was

---

[1] This court, in *State* v. *Roberts* (1978), 55 Ohio St. 2d 191, also determined that the prosecution made a good faith effort to secure the witness for trial, thereby being in full agreement with the United States Supreme Court concerning the first prong of the test. This court denied the admission of the transcript of the preliminary hearing on matters relating to the "indicia of reliability": to wit, the second prong of the test is more fully explained in this opinion.

noted that the witness had not quit or been fired and that the witness still had a paycheck from his employer awaiting him.

Furthermore, appellee, at trial, disclosed evidence that the mother of the witness, who lived in Indianapolis, Indiana, had not heard from or corresponded with the witness since Christmas of 1978. The witness' mother gave no indication concerning his present whereabouts. The record also discloses evidence that a nationwide bulletin, listing the witness' name, physical description, car and license number, was posted through police channels in an effort to locate him. Furthermore, it was shown that attempts to locate the witness in the Toledo area and Detroit jails and morgues were fruitless.

Since the facts are replete with good faith efforts to secure the attendance of Roe, the witness, at trial, we hold that the appellee has met its burden of establishing the unavailability of the witness.

Our discussion is, therefore, directed at the second prong or criterion for allowing prior recorded testimony to be used at trial.

In *California* v. *Green, supra* (399 U. S. 149), the court shunned the attacks on the confrontation clause and set forth several factors that substantially complied with the purposes of the Sixth Amendment. At page 165, it stated:

"***Porter's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel—the same counsel in fact who later represented him at the trial; respondent had every *opportunity to cross-examine* Porter as to his statement; and the proceedings were conducted before a judicial tribunal equipped to provide a judicial record of the hearings.***" (Emphasis added.)

*Roberts, supra,* at pages 609-610, quoting from *Green,* simplified the above passage by stating that:

"These factors, the Court concluded, provided all that the Sixth Amendment demands: 'substantial compliance with the purposes behind the confrontation requirement.' *Id.,* at 166***."

As previously noted herein, the court refined the second prong of the test to include the factor of "indicia of reliability." See *Dutton, supra,* and *Mancusi, supra.*

In *Ohio* v. *Roberts,* at page 612 (65 L. Ed. 2d), the court, commenting upon the *Green* analysis, simply and aptly stated:

"In sum, we perceive no reason to resolve the reliability issue differently here than the Court did in *Green.* 'Since there was an *adequate opportunity to cross-examine* [the witness] *and counsel\*\*\*availed himself of that opportunity,* the transcript\*\*\**bore sufficient "indicia of reliability" and afforded " 'the trier of fact a satisfactory basis for evaluating the truth of the prior statement.' " ' "* (Emphasis added.) (Bracketed material *sic.*)

The court, in footnote 12 of the opinion, at page 612, further explained its holding. Footnote 12 reads as follows:

"We need not consider whether counsel's questioning at the preliminary hearing surmounts some inevitably nebulous threshold of 'effectiveness.' In *Mancusi,* to be sure, the Court explored to some extent the adequacy of counsel's cross-examination at the earlier proceeding. See 408 U. S., at 214-215\*\*\*. That discussion, however, must be read in light of the fact that the defendant's representation at the earlier proceeding, provided to counsel who had been appointed only four days prior thereto, already had been held to be ineffective. See *id.,* at 209\*\*\*. Under those unusual circumstances, it was necessary to explore the character of the actual cross-examination to ensure that an adequate opportunity for full cross-examination had been afforded to the defendant. Cf. *Pointer* v. *Texas,* 380 U. S., at 407\*\*\*. *We hold that in all but such extraordinary cases, no inquiry into 'effectiveness' is required.* A holding that every case involving prior testimony requires such an inquiry would frustrate the principal objective of generally validating the prior testimony exception in the first place—increasing certainty and consistency in the application of the Confrontation Clause." (Emphasis added.)

The facts, in the instant cause, fall squarely within the guidelines as directed in *Green, supra,* and, more specifically, *Roberts, supra.* The record reveals that Roe was present and under oath at the preliminary hearing and that appellant had the same attorney for both the preliminary hearing and for trial.[2] Furthermore, the appellant, by and through counsel,

---

[2] This court, as well as the United States Supreme Court, does not advocate a "same attorney rule." Although, here, some significance is assigned to the fact that

had the *opportunity* to cross-examine the witness. In fact, the witness was cross-examined and even recross-examined concerning details of the robbery. In accordance with the other factors enunciated in *Green,* the preliminary hearing was properly recorded and was before a judicial officer.

There is a plethora of additional factors denoting a high *"indicia of reliability"* in the cause herein. For example, Roe had given the police an accurate description of appellant's physical and personal appearance immediately following the robbery. Furthermore, the police officers, cruising in the vicinity of the robbery, stopped a car that deliberately tried to avoid any contact with the patrolmen. The passengers in the car in question fit the description just relayed over the police monitoring system.

Besides the foregoing, Roe personally identified the appellant as the perpetrator of the robbery in the presence of the policemen within a short time after the occurrence of the robbery.

These additional factors are the guarantee of trustworthiness or, more aptly described as the "indicia of reliability," which allow the testimony taken at the preliminary investigation to be used at trial.

For the foregoing reasons, appellant's initial proposition of law is without merit.

## II.

Appellant, in his second proposition of law, asserts, in essence, that the admission of a preliminary hearing transcript of an unavailable witness is precluded by Section 10 of Article I of the Ohio Constitution. More precisely, appellant claims that the Ohio constitutional provision is more demanding of a face-to-face confrontation than that of the United States Constitution.

Even before the United States Supreme Court decided *Roberts, supra,* this court, in *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, discussed and analyzed Section 10 of Article I of the Ohio Constitution. This court, at pages 162 and 163, stated:

"Both this court and the Supreme Court of the United

there is the same attorney, the totality of *all* the factors, as described in *Green,* mandate our holding herein.

States have construed this constitutional guarantee on many occasions. The following examples are typical:

" 'The purpose of the constitutional provision according an accused the right to confront his accusers and the witnesses used against him is to provide the accused an *opportunity for cross-examination.***' Henderson* v. *Maxwell, Warden* (1964), 176 Ohio St. 187, 188. (Emphasis added.)

" 'Our cases construing the [confrontation] clause hold that a primary interest secured by it is the right of cross-examination; *an adequate opportunity for cross-examination may satisfy the clause even in the absence of physical confrontation.*' (Emphasis added.) *Douglas* v. *Alabama* (1965), 13 L. E. 2d 934, 937." (Bracketed material *sic.*)

Furthermore, as noted herein, the United States Supreme Court in *Roberts, supra,* at page 612, stated that only "[u]nder***unusual circumstances [such as in *Mancusi*] [is] it***necessary to explore the character of the actual cross-examination to ensure that an adequate opportunity for full cross-examination had been afforded to the defendant.***We hold that in all but such extraordinary cases, no inquiry into 'effectiveness' is required."

In the instant cause, the opportunity for cross-examination was afforded and exercised by appellant.

For the foregoing reasons, appellant's second proposition of law is without merit.

## III.

Appellant, in his third and final proposition of law, asserts that the identification of appellant shortly after the robbery: to wit, a "one-on-one showup," was improper and, therefore, appellant's due-process rights were violated in that there was ample time to provide a full lineup for identification purposes.

We find no merit in this argument and hold that Roe's identification of appellant at the scene of the arrest was proper under all the facts and circumstances.

The crucial issue is whether, based on a totality of the circumstances, there is a "very substantial likelihood of misidentification." See *Neil* v. *Biggers* (1972), 409 U. S. 188.

In *Biggers, supra,* the court stated, at pages 199-200, that:

"***[T]he factors to be considered in evaluating the

likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.***"

In the instant cause, the witness had a clear and lengthy view of the appellant at the time of the crime. In fact, the witness gave police an accurate description of appellant's wearing apparel and characteristics. Furthermore, the witness confronted the appellant within approximately 30 minutes after the robbery.

In *Bates* v. *United States* (C.A.D.C. 1968), 405 F. 2d 1104, the court, at page 1106, noted:

"There is no prohibition against a viewing of a suspect alone in what is called a 'one-man showup' when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy.***

"***[P]olice action in returning the suspect to the vicinity of the crime for immediate identification in circumstances such as these fosters the desirable objectives of fresh, accurate identification which in some instances may lead to the immediate release of an innocent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is fresh.***"

See, also, *Russell* v. *United States* (C.A.D.C. 1969), 408 F. 2d 1280, at 1284.

Appellant's propositions of law being without merit, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., SWEENEY, HOLMES and DOWD, JJ., concur.

W. BROWN, J., concurs in the judgment.

PAUL W. BROWN, J., dissenting. I have two major difficulties with the majority opinion. First, that opinion fails to directly address appellant's contentions concerning Section 10 of Article I of the Ohio Constitution. That provision, which is

much more detailed than the Confrontation Clause contained within the Sixth Amendment to the United States Constitution, provides in pertinent part that:

"In any trial, in any court, the party accused shall be allowed * * * to meet the witnesses face to face * * * but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance cannot be had at the trial * * * always securing to the accused means and opportunity * * * to examine the witnesses face to face as fully and in the same manner as if in Court."

This court has gone so far in construing this constitutional language as to hold in *State* v. *Wing* (1902), 66 Ohio St. 407, that:

"In the trial of a criminal case, evidence of the testimony delivered in a previous trial of the same case by a witness not dead, but beyond the jurisdiction of the court, or limits of the state, is not admissible unless it appear to the satisfaction of the trial court, that the witness is absent through the connivance, or by the procurement of the accused."

The language in the Ohio Constitution must be read to give a defendant greater rights to confrontation and cross-examination than that given under the federal constitution. Other state courts, when dealing with their own state constitutions, have created stricter requirements in this confrontation context. *E.g., People* v. *Smith* (Colo. 1979), 597 P. 2d 204. Yet, the majority relies almost exclusively on federal cases to reach its result in this cause. I, to the contrary, would hold that the Ohio Constitution overrides R. C. 2945.49, which provides for the use of preliminary hearing testimony at trial.[3]

The second problem with the majority opinion is that it, like the opinion rendered by the United States Supreme Court in *Ohio* v. *Roberts* (1980), U. S. , 65 L. Ed. 2d 597, is divorced from reality. The concerns that this court addressed in *State* v. *Roberts* (1978), 55 Ohio St. 2d 191, still exist, although they are ignored by the majority. Statistics compiled by the Administrative Director of the Ohio Courts for 1979 show that

---

[3] I additionally note that the majority fails to address the impact of their decision, arising before enactment of the Ohio Rules of Evidence, upon Rule 804(B)(1), which clearly treats preliminary hearing testimony as inadmissible hearsay.

15,076 preliminary bindover hearings were held in municipal courts, while an additional 2,089 were held in county courts. If every witness in such hearings was carefully cross-examined to guard against the possibility of the future use of this testimony at trial, our court system would simply break down. In addition, cross-examination at this point is ineffective, because the preliminary hearing is held so soon after arrest. No investigation or careful thought can be given to cross-examination. The preliminary hearing is limited to a determination of probable cause and questions concerning credibility may not be relevant at that point.

Turning to the circumstances of this cause, I find that a review of the transcript of cross-examination of the gas station attendant clearly demonstrates that the questioning was being used solely as a discovery tool to elicit the witness' story. Although there were major inconsistencies in his testimony, no impeachment was attempted. Additionally, self-procured unavailability, such as occurred in this cause, indicates an inherent problem with the reliability of this type of testimony.

For the foregoing reasons, I would not allow the use of preliminary hearing testimony in a criminal trial.