[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Adam Helton was indicted for the abduction of Misty Collier, in violation of R.C. 2905.02(A)(2), and for attempted rape, in violation of R.C. 2907.02. A bench trial was conducted on June 26, 2000. Following the close of the state's case, the trial court sustained Helton's Crim.R. 29 motion on the count of attempted rape. Helton was thereafter convicted of abduction. In this appeal, he asserts two assignments of error.
The record establishes that on March 27, 2000, sixteen-year-old Takoa Phillips was walking home from school around 3:30 or 4:00 p.m. when she saw a man, later identified as Helton, in a white van masturbating in the front seat. Phillips recalled that Helton had not been wearing pants, but that he had been wearing a white T-shirt. Although Phillips attempted to run from the van, she encountered Helton again a few minutes later. Phillips testified that, when she encountered the van for a second time, Helton had summoned her to the van, but she had refused to go to the van. Phillips wrote down the license-plate number of the van and went directly to the police station. As the police were taking her home, a radio message was received concerning a similar incident involving another girl.
Nineteen-year-old Misty Collier was leaving a restaurant around 4:30 or 5:00 p.m. on May 27 when she saw a man in a white van waving at her. Collier testified that the man, later identified as Helton, had gotten out of the van and grabbed her. According to Collier, Helton was masturbating with one hand while trying to pull her into the van. Collier testified that she had been afraid for her life. But she claimed that she had been able to break away from Helton and to run to a friend's house to call the police. According to Collier's description, Helton had been wearing a white T-shirt and black boxer underwear. An arresting police officer testified that, when he stopped Helton in his white van, Helton had been wearing white pants with no underwear.
In the first assignment of error, Helton argues that his trial counsel was ineffective. To establish ineffective assistance of counsel, Helton must show that counsel's performance fell below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance.[1] Generally, debatable trial tactics do not constitute a deprivation of effective counsel.[2]
Helton first asserts that his defense counsel's performance was deficient because he failed to object to the admission of identification evidence by Collier and Phillips. In particular, he maintains that the one-on-one showup was unduly suggestive. A one-on-one showup near the time of an alleged criminal act does not necessarily bring about misidentification, and may, under certain circumstances, be used to ensure accuracy.[3] Moreover, even if a confrontation procedure is unnecessarily suggestive, the key to admission of identification testimony is reliability, which is ascertained from the totality of the circumstances.[4]
While both Collier and Phillips observed Helton in handcuffs at the location where he had been arrested, a review of the evidence fails to demonstrate any legitimate grounds upon which to claim that the identification by them was unreliable. Both Collier and Phillips observed Helton during the daytime and got a good look at him. They were able to accurately describe Helton and his van. Moreover, the identifications were made right after they had observed him. On this record, we see no reasonable likelihood that objections to either identification would have succeeded. The failure to make such objections did not, therefore, constitute ineffective assistance of counsel.
Helton also asserts that trial counsel was deficient in failing to pursue a motion in limine or to object to Phillips's testimony. Evidence of the prior incident with Phillips was not admissible to show that Helton acted similarly in the incident with Collier, but it was admissible to establish motive, opportunity, intent, plan, knowledge, identity, or absence of mistake pursuant to Evid.R. 404(B).
Because Phillips's testimony could have been continued to prove motive or identity, we cannot say that trial counsel's failure to make an objection or to file a motion in limine was deficient. Moreover, we are unconvinced that Helton was prejudiced by the admission of testimony concerning the prior incident. Accordingly, the first assignment of error is overruled.
In the second assignment, Helton maintains that the trial court erred when it denied his Crim.R. 29(A) motion,[5] and that insufficient evidence was presented at trial to support his conviction. The review of the denial of a Crim.R. 29(A) motion is the same as the review of the sufficiency of the evidence.[6] When reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the state and determine whether a rational trier of fact could have found the elements of the crime proved beyond a reasonable doubt.[7]
Having reviewed the testimony of Phillips, Collier, the police officers, and Collier's friend, we are convinced that the state presented sufficient evidence to withstand Helton's Crim.R. 29(A) motion for acquittal on the abduction charge, and that the trial court's finding of guilt was supported by sufficient evidence. Accordingly, we overrule the second assignment of error. The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See Strickland v. Washington (1984) 466 U.S. 668,104 S.Ct. 2052.
[2] See State v. Phillips (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643,658.
[3] See State v. Madison (1980), 64 Ohio St.2d 322, 332, 415 N.E.2d 272,278.
[4] See id. at 331, 415 N.E.2d at 278, quoting Neil v. Biggers
(1972), 409 U.S. 188, 199-200, 93 S.Ct. 375, 382.
[5] Helton's failure to renew the Crim.R. 29(A) motion does not preclude our review, because the case was tried to the bench, rather than to a jury. See Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163,398 N.E.2d 781, 782, overruled on other grounds in State v. Lazzaro
(1996), 76 Ohio St.3d 261, 667 N.E.2d 384, syllabus.
[6] See State v. Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394,399.
[7] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.