JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Siah L. Thompson appeals from a judgment of the Cuyahoga County Common Pleas Court denying his motion to suppress an eye witness identification. Defendant was found guilty of aggravated robbery with a firearm specification in violation of R.C. 2911.01. After careful review of the record, we affirm the judgment of the trial court.
{¶ 2} The record presented to us on appeal reveals the following: Don Duncan, the victim in this case, is the manager of Blockbuster Video on Chagrin Boulevard, in Shaker Heights, Ohio. On the morning of Sunday, November 26, 2000, he left the store to deposit the previous day's receipts at National City Bank on the corner of Chagrin and Lee. The money was hidden in the sleeve of his jacket. As he walked towards his car, he was approached by a black male who was carrying a gun. The individual, later identified as the defendant, ordered Mr. Duncan to "give me the money or I'll pop you." Mr. Duncan replied that he did not have any money. The defendant patted Mr. Duncan down and Mr. Duncan told the defendant not to touch him. After he was unable to locate the money, the defendant fled on foot.
{¶ 3} Mr. Duncan ran after the defendant. He told a woman standing in the parking lot and two employees in the Blockbuster Video store to call the police. After a few minutes of following the defendant, Mr. Duncan decided to go to the bank and deposit the money.
{¶ 4} Officer Michael Rowe of the Shaker Heights Police Department was the first officer to respond to the scene. Mr. Duncan gave him a physical description of the individual who had tried to rob him and described his apparel. Specifically, Mr. Duncan told the officer that the individual was a light-skinned black male, about five-eight, five-nine, with a dusty complexion (unshaven), and wearing a three-quarter length blue coat. While Mr. Duncan was making his statement, Officer Rowe received a call that a suspect had been detained. The suspect had been located less than one mile away from the Blockbuster Video store. Mr. Duncan accompanied Officer Rowe to where the defendant was being detained and made a positive identification. The defendant was not wearing the blue coat at the time of the identification.
{¶ 5} Following the identification, the Shaker Heights Police implemented dogs to "backtrack" along defendant's path. The dogs discovered a handgun, a three-quarter length blue coat and a magazine containing live ammunition. Mr. Duncan positively identified the jacket and handgun in a subsequent interview as the items that the defendant was carrying at the time of the robbery.
{¶ 6} On January 17, 2001, defendant was indicted by the Cuyahoga County Grand Jury on one count of aggravated robbery with a three-year firearm specification in violation of R.C. 2911.01. On May 7, 2001, defendant filed a motion to suppress eye-witness identification testimony, arguing that the identification procedures used were suggestive and unnecessary and that Mr. Duncan's identification was unreliable because he had minimal opportunity to view his alleged robber.
{¶ 7} A suppression hearing was held on May 21, 2001. During the hearing, Mr. Duncan testified that shortly after exiting the store, he saw a man with a gun running towards him. He testified that he turned to face the person so that he could get a good look at him. He testified that the individual was about five-eight or five-nine, with an unshaven face, and wearing a blue coat. He testified that the individual was not wearing a mask or other covering and that he got a good look at him. He testified that he was able to identify the defendant within ten minutes of the robbery. Finally, during the hearing, he was able to identify the defendant without hesitation as the person who approached him with a gun and demanded money from him on the morning of November 26, 2000.
{¶ 8} On May 22, 2001, the trial court denied defendant's motion to suppress. The trial court made oral findings of fact and conclusions of law to support its decision. In pertinent part, the trial court noted the following:
 {¶ 9} Based upon all the factors noted and upon the overall credibility of the one witness who testified, the Court finds that the inherent suggestibility of the cold-stand procedure and the other negative elements, taken together, nonetheless were, under the circumstances of this case, not sufficient to outweigh the other facts tending to support the victim's credibility. Accordingly, the motion to suppress the eyewitness identification is hereby overruled.
{¶ 10} On May 30, 2001, the trial began. On June 1, 2001, the jury returned a verdict finding defendant guilty of aggravated robbery in violation of R.C. 2911.01, with a firearm specification. The trial court imposed a minimum sentence of three years for the aggravated robbery and a mandatory three-year sentence on the firearm specification, with sentences to run consecutively.
{¶ 11} Defendant appeals his conviction and raises two assignments of error for our review. Assignment of Error I states:
 {¶ 12} I. THE TRIAL COURT ERRED BY FAILING TO GRANT THE APPELLANT'S MOTION TO SUPPRESS IDENTIFICATION TESTIMONY.
{¶ 13} In his first assignment of error, defendant argues that the trial court improperly denied his motion to suppress since the identification procedure performed by the Shaker Heights Police Department was improper. Specifically, defendant claims that the use of a cold stand was unreliable and impermissibly suggestive. We disagree.
{¶ 14} A cold stand or one-on-one show-up identification is permissible as long as the trial court considers the following factors:
 {¶ 15} 1. The opportunity of the witness to view the criminal at the time of the crime;
{¶ 16} 2. The witness' degree of attention;
 {¶ 17} 3. The accuracy of the witness' prior description of the criminal;
 {¶ 18} 4. The level of certainty demonstrated by the witness;
 {¶ 19} 5. The length of time between the crime and the confrontation.
{¶ 20} State v. Rogers (Nov. 16, 2000), Cuyahoga App. No. 77723, unreported, citing State v. Madison (1980), 64 Ohio St.2d 322, citingNeil v. Biggers (1972), 409 U.S. 188, 34 L.Ed.2d 401, 93 S.Ct. 375.
{¶ 21} Here, Mr. Duncan had the opportunity to view the defendant immediately prior to and during the attack. The attack occurred during broad daylight at 10:00 a.m. The defendant was not wearing a mask or other covering. Mr. Duncan testified that he stared at the defendant during the attack so that he could get a good look at him. Next, Mr. Duncan provided the police with an accurate description of defendant prior to the cold stand, including race, height, facial hair and clothing. He testified that he was positive of his identification of the defendant. Moreover, the identification was conducted within minutes of the incident, while it was still fresh on Mr. Duncan's mind. Finally, Mr. Duncan reiterated his identification in court with no hesitation or confusion.
{¶ 22} Under these circumstances, we find that Mr. Duncan's identification of the defendant was reliable. Accordingly, the trial court did not err in denying defendant's motion to suppress.
{¶ 23} Defendant's first assignment of error is overruled.
 {¶ 24} II. THE VERDICT FINDING THE APPELLANT GUILTY OF AGGRAVATED ROBBERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 25} In his second assignment of error, defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
{¶ 26} In determining whether a criminal conviction is against the manifest weight of the evidence, this court must examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997),78 Ohio St.3d 380. This court should grant a new trial only in an exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230. If the jury's verdict is supported by sufficient, competent and credible evidence going to each essential element of the crime charged, this court may not reverse. Id.
{¶ 27} Here, defendant was charged with aggravated robbery. The offense of aggravated robbery is defined by R.C. 2911.01(A)(1), which provides that "no person, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense shall have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
{¶ 28} At trial, the jury heard Mr. Duncan testify that he observed the defendant approach him with a gun, threaten him with it, and demand money. The jury heard Mr. Duncan testify that the defendant was not wearing a mask, that he "stared" at him, and that he was certain in his identification of him. The jury also heard Officer Troy Allison testify that he apprehended the defendant based upon Mr. Duncan's description within one mile of the Blockbuster Video store. Corporal Jamie Planinsek testified that his police dog back-tracked the defendant's path and found the three-quarter-length blue coat and gun that Mr. Duncan had described.
{¶ 29} We find this to be substantial, competent, credible evidence upon which a jury could base its decision that defendant was the person who robbed Mr. Duncan and was guilty of aggravated robbery with a firearm specification beyond a reasonable doubt. The fact that the defendant was not carrying the gun or wearing the blue coat at the time of his detainment does not undermine the State's case inasmuch as the canine officers located the coat and gun within minutes of the defendant's detainment. Accordingly, we conclude defendant's conviction for aggravated robbery with a firearm specification was not against the manifest weight of the evidence.
{¶ 30} Defendant's second assignment of error is overruled.
Judgement affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TERRENCE O'DONNELL, J., CONCUR.