[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Jerry Scott, appeals convictions for aggravated robbery pursuant to R.C. 2911.01(A)(1) and having weapons while under a disability pursuant to R.C. 2923.13(A)(2). We find no merit in his three assignments of error, and we, therefore, affirm his convictions.
{¶ 3} In his first assignment of error, Scott argues that the trial court erred in failing to grant his motion to suppress identification testimony. He contends that the victim's identification of him as the individual who robbed her was obtained under circumstances substantially likely to result in misidentification. This assignment of error is not well taken.
{¶ 4} The Ohio Supreme Court has held that one-on-one showups near the time of an alleged criminal act do not tend to bring about misidentification, but instead tend, under some circumstances, to ensure accuracy. State v. Madison (1980), 64 Ohio St.2d 322, 415 N.E.2d 272;State v. Wilson (1996), 117 Ohio App.3d 290, 690 N.E.2d 574. Nevertheless, even if we assume that the identification procedure in this case was unnecessarily suggestive, the record does not show that the identification was unreliable under the totality of the circumstances. See State v. Jells (1990), 53 Ohio St.3d 22, 559 N.E.2d 464; State v.Moody (1978), 55 Ohio St.2d 64, 377 N.E.2d 1008; State v. Smith, 1st Dist. No. C-010517, 2002-Ohio-2886.
{¶ 5} In this case, the victim saw her assailant face-to-face in a well-lit area for over a minute. She testified that she was a trained nurse and that she had used her medical assessment skills to memorize details about him. She talked to the police immediately after the robbery and described him and the clothing he was wearing. Within minutes of a police broadcast, Scott was apprehended near where the victim had seen her assailant running. He matched the description the victim gave to the police. When the police took the victim to identify Scott a short time later, they wanted her to identify him from the safety of their cruiser, but she insisted on getting out to make sure she identified the right person. She looked at Scott's face and clothes "really closely" and stated that she had no doubt that Scott was the individual who had robbed her.
{¶ 6} The victim's identification bore numerous indicia of reliability, and we are not convinced that there was a "substantial likelihood of irreparable misidentification." See Moody, supra; Smith, supra. Consequently, we overrule Scott's first assignment of error.
{¶ 7} In his second assignment of error, Scott contends that his convictions were against the manifest weight of the evidence. After reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Scott's convictions and order a new trial. Therefore, the convictions were not against the manifest weight of the evidence, and we overrule Scott's second assignment of error. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272.
{¶ 8} In his third assignment of error, Scott argues that the trial court erred in denying his Crim.R. 29 motions for judgments of acquittal at the close of the state's evidence. This argument is the same as an argument that the evidence was insufficient to support the convictions. State v. Echols (2001), 146 Ohio App.3d 81, 765 N.E.2d 379;State v. Cedeno (Oct. 23, 1998), 1st Dist. No. C-970465. Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184; Cedeno, supra.
{¶ 9} Scott's main contention under this assignment of error is that the victim's identification of him as the robber was unreliable, an argument that we have already rejected. Our review of the evidence shows that a reasonable trier of fact could have found that Scott, while committing or attempting to commit a theft offense, or in fleeing immediately afterwards, had a deadly weapon under his control and that he brandished, displayed or used that weapon. Consequently, the evidence was sufficient to support his conviction for aggravated robbery pursuant to R.C. 2911.01(A)(1). See Thompkins, supra; State v. Jenks (1991)61 Ohio St.3d 259, 574 N.E.2d 492.
{¶ 10} Further, a reasonable trier of fact could also have found that Scott knowingly had carried or used a firearm after having been convicted of an offense of violence. Therefore, the evidence was sufficient to convict him of having weapons while under a disability pursuant to R.C. 2923.13(A)(2). See Thompkins, supra; Jenks, supra. Accordingly, the trial court did not err in overruling Scott's motions for judgments of acquittal at the close of the state's case. We overrule his third assignment of error and affirm the trial court's judgment.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.