JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Raymale Talbott ("Talbott"), appeals the trial court's denial of his motion to suppress. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Talbott was charged with aggravated robbery with one-and three-year firearm specifications. He filed a motion to suppress, arguing that the victim's out-of-court identification was unconstitutionally suggestive. The trial court denied the motion after a full hearing.
 {¶ 3} The following facts were adduced at the hearing on the motion to suppress.
 {¶ 4} On December 13, 2006, Delores Williams ("Williams") was sitting in her minivan talking on her cell phone outside the Masonic Temple in Cleveland. Two men approached Williams' van with guns pointed at her, demanded her purse, and ordered her out of the vehicle. Williams described the men as young, between the ages of sixteen and twenty-two, dark skinned, and of average height. She also said that the man closest to her car window was slimmer than the man behind him. Williams fled from her vehicle and called police.
 {¶ 5} Cleveland police responded to the scene. While interviewing Williams, one of the officers received a call informing him that Williams' minivan had been spotted with two males standing next to it. The police observed the two men enter a house, detained them, and later identified the men as Talbott and his codefendant, Darnell Brown. As police investigated the stolen minivan, a second minivan parked *Page 4 
next to it pulled away. A chase ensued, and the second minivan was stopped. There were two males in that vehicle, but one fled before police could apprehend him.
 {¶ 6} The police took Williams to conduct a cold stand of the three males that had been detained in connection with the stolen minivan. Williams remained in the front seat of a police car as the police brought each of the three males separately before her to determine whether she could identify them. After each man was brought into view, an officer would shine a flashlight on him so that Williams could see his features but the suspect could not see Williams. She identified only Talbott as being involved in the carjacking.
 {¶ 7} During the State's questioning of Williams, the prosecutor did not ask her whether she could identify Talbott in the courtroom as one of her attackers. Talbott's counsel did not ask Williams any questions. At the beginning of his closing argument, Talbott's counsel stated to the court that "the victim in this case took the stand and she did not identify my client as being one of the three individuals in the lineup." The court responded that Williams' in-court identification did not have anything to do with the suppression. Defense counsel argued that it did, and the trial court, sua sponte, recalled Williams to the stand. The State objected to the witness being recalled, arguing that an in-court identification did not relate to the issue on suppression. When she was recalled to the stand, Williams identified Talbott as one of the men who had robbed her. *Page 5 
 {¶ 8} The trial court denied the motion to suppress, finding that there was nothing within the testimony given at the motion hearing that indicated that the cold stand was suggestive. Talbott pled no contest to the indictment, and the trial court sentenced him to the minimum sentence of six years in prison.
 {¶ 9} Talbott now appeals, raising two assignments of error for our review. In his first assignment of error, Talbott argues that the trial court erred in allowing the State to reopen its presentation of evidence.
 {¶ 10} First, we note that Talbott was called as a court witness, not a witness for the State. Evid.R. 614 provides that "[t]he court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called." InState v. Apanovitch (1987), 33 Ohio St.3d 19, 22, 514 N.E.2d 394, the Ohio Supreme Court stated, that "a trial court possesses the authority in the exercise of sound discretion to call individuals as witnesses of the court."
 {¶ 11} Under Evid.R. 614, our inquiry focuses on whether the trial court abused its discretion when it recalled Williams as a witness.Apanovitch; State v. Kenney, Cuyahoga App. No. 80653, 2003-Ohio-1501. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id.
 {¶ 12} In the instant case, the trial court recalled Williams, stating that if Talbott was changing his argument to include an in-court identification and if Williams was *Page 6 
unable to identify Talbott, then the court would not have to conduct a bench trial but could end the matter right then. Thus, the court's decision to recall Williams to the stand was a decision based on judicial economy, not based on Talbott's argument that it was crucial to the motion hearing that Williams be able to identify who robbed her.[1]
 {¶ 13} We agree with the State and the trial court that the issue as presented in Talbott's motion to suppress and as argued at the motion hearing was whether the cold stand was unduly suggestive, not whether Williams could identify Talbott in court. Although Talbott attempted to make the State's "failure" to conduct an in-court identification an issue after the close of evidence, defense counsel had already been given the opportunity to ask Williams if she could identify Talbott in the courtroom. If Williams was unable to identify Talbott in court, then the defense could have argued at trial that Talbott was a victim of mistaken identity; however, the parties were in the midst of a hearing on a motion to suppress, not a trial. Moreover, both the State and Talbott were allowed to ask Williams questions once the court recalled her to the stand.
 {¶ 14} We find that the trial court did not abuse its discretion by recalling Williams as a witness. Therefore, we overrule the first assignment of error.
 {¶ 15} In the second assignment of error, Talbott argues that the trial court *Page 7 
erred in denying his motion to suppress.
 {¶ 16} In reviewing a trial court's ruling on a motion to suppress, the reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542;State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See, State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, citing, State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54. The reviewing court, however, must decide de novo whether, as a matter of law, the facts meet the appropriate legal standard. Id., see also, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906.
 {¶ 17} Talbott argues that the cold stand was unreliable and unduly suggestive. Although the practice of showing suspects alone to persons for the purpose of identification, and not as part of a lineup, has been condemned, State v. Broom (1988), 40 Ohio St. 3d 277, 284,533 N.E.2d 682, citing Stovall v. Denno (1987), 388 U.S. 293, 302,18 L. Ed. 2d 1199, 87 S. Ct. 1967, an identification of this nature violates due process only if the circumstances surrounding the identification are unnecessarily suggestive and unreliable after evaluating the totality of the circumstances. Manson v. Brathwaite (1977), 432 U.S. 98, 112-113,53 L. Ed. 2d 140, 97 S. Ct. 2243. We have also said that, "although the presentation of a single suspect for identification is ordinarily discouraged, an exception is recognized when *Page 8 
the suspect is apprehended at or near the scene of the crime and is presented to the victim or witness shortly thereafter. State v.Davis, Cuyahoga App. No. 83033, 2004-Ohio-1908, citing State v.Madison (1980), 64 Ohio St.2d 322, 332, 18 O.O.3d 491, 415 N.E.2d 272
and State v. Williams (Oct. 4, 2001), Cuyahoga App. No. 78961.
 {¶ 18} The focus, under the `totality of the circumstances' approach, is upon the reliability of the identification, not the identification procedures. State v. Jells (1990), 53 Ohio St.3d 22, 26, 559 N.E.2d 464. In examining reliability, the court must consider (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. Neil v. Biggers (1972), 409 U.S. 188, 199,34 L. Ed. 2d 401, 93 S. Ct. 375.
 {¶ 19} It is the defendant's burden to show that the identification procedure was unduly suggestive. State v. Freeman, Cuyahoga App. No. 85137, 2005-Ohio-3480, reversed on other grounds by In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St. 3d 313, 2006-Ohio-2109,847 N.E.2d 1174. If the defendant is able to meet this burden, then the court must consider whether the procedure was so unduly suggestive as to give rise to irreparable mistaken identification. Id. Moreover, the ultimate focus in determining whether reversible error exists is not just on whether the practice was used, but on whether it was so suggestive as to create "a very substantial likelihood of irreparable misidentification." State v. Broom, supra at 284, *Page 9 
quoting Neil v. Biggers at 198.
 {¶ 20} We find that Talbott is unable to meet this burden. First, Talbott was not "presented as a single suspect," but was shown to Williams along with two other suspects. Williams testified that the officers did not prompt her or otherwise suggest that any of the three men were involved in the crime, but merely asked whether she recognized any of the individuals. She testified that her attackers were close to her car door and that the parking lot was partially lit and she was able to see both men. She gave the police a description of the men including what the man closest to her was wearing.[2] However, we note that there was some discrepancy in the testimony regarding the description Williams initially gave to the police. The officer testified that he remembered that Williams stated that the man closest to her window was about six feet tall, much taller than Talbott. Williams, however, testified that the man closest to her window was around five feet five inches, and she could not remember telling the police anything different. We do not find that this single discrepancy in testimony, under the totality of the circumstances, renders the identification unreliable.[3]
 {¶ 21} Talbott was apprehended shortly after the crime took place and police testified that they observed him walking away from Williams' stolen minivan. *Page 10 
Moreover, less than an hour had elapsed between the carjacking and Williams' identification of Talbott.
 {¶ 22} We, therefore, find that, based on the totality of circumstances, there was reliable evidence supporting Talbott's identification.
 {¶ 23} Therefore, the second assignment of error is overruled.
 {¶ 24} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS; JAMES J. SWEENEY, A.J., CONCURS IN JUDGMENT ONLY
[1] We are not called on to review whether Williams' potential inability at the motion hearing or at trial to identify Talbott as one of the men who robbed her should automatically result in an acquittal or dismissal of the case.
[2] No testimony was presented at the hearing regarding whether Talbott's clothing matched that which Williams described to the police.
[3] The admission of the evidence, however, would not prevent Talbott from challenging its credibility before the jury. See Davis, supra at fn. 13. *Page 1