[Cite as *State v. Mount*, 2012-Ohio-4119.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA3297 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| CRAIG M. MOUNT, | : | **RELEASED 09/04/12** |
| | : | |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Benjamin J. Partee, Chillicothe, Ohio, for appellant.

Sherri Rutherford, City of Chillicothe Law Director, and Michele R. Rout, City of Chillicothe Assistant Law Director, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

{¶1}   Following his no contest plea, Craig Mount appeals his conviction for driving under the influence of alcohol and/or a drug of abuse and refusing a chemical test ("OVI refusal").  Mount contends that the trial court erred when it denied his motion to suppress two eyewitness identifications of him as the person who fled from a crashed vehicle.  The witnesses identified Mount after a trooper showed them his photo and told them Mount was the registered owner of the vehicle.  Even if this procedure was suggestive of Mount's guilt, it was not so flawed as to create a very substantial likelihood of irreparable misidentification under the totality of the circumstances.  The witnesses identified Mount within an hour or two of the crash and expressed no doubt about their identifications.  Their pre-identification description of Mount – he had a bloody face and wore a blue coat – indicates they had some opportunity to view him during the crime and were not inattentive during the incident.  Moreover, this description

was accurate as it matched Mount's appearance when, within hours of the crash, other

officers located him hiding one-half mile from the crash scene. Therefore, the trial court

did not err when it overruled the motion to suppress, and we affirm the judgment below.

## I. Facts

{¶2} A law enforcement officer charged Mount with OVI, OVI refusal, failure to

control, and a safety belt violation. Mount moved to suppress two eyewitness

identifications of him as the person who fled from a crashed vehicle and any evidence

derived from those identifications. The parties stipulated to the following facts:

> Trooper Rutherford of the Ohio Highway Patrol was called to the scene of a crash on Massieville Road on February 13, 2011. When the trooper arrived, other people were already present including EMS and fire personnel, and two witnesses. The two witnesses told the officer that they had seen a person, who had a bloody face and who was wearing a blue coat, get out of the car and go into the woods. The trooper searched the woods for ten to fifteen minutes, but was unable to find the suspect. The trooper then performed a computer check of the registration plates on the car from which he was able to obtain a picture of the registered owner. He showed the picture to the two witnesses. He told the witnesses that it was a picture of the registered owner of the car in the crash. He asked the witnesses if the person they had seen going into the woods was the same person as depicted in the picture. The witnesses agreed that it was the same person. Approximately one hour later, other law enforcement officers found the defendant hiding behind a house approximately one-half mile north of the crash scene. The defendant's face was bloody, and he was wearing a blue coat. When the trooper talked to the defendant, he admitted his involvement in the crash.

{¶3} The trial court denied the motion to suppress. Subsequently, Mount

pleaded no contest to OVI refusal, and the State dismissed the remaining charges.

After the trial court found Mount guilty of the OVI refusal and sentenced him, this appeal

followed.

## II. Assignment of Error

{¶4}   Mount assigns one error for our review:  "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS BASED ON THE EYEWITNESS IDENTIFICATION."

### III.  Motion to Suppress

### A.  Standard of Review

{¶5}   In his sole assignment of error, Mount contends that the trial court should have suppressed the two eyewitness identifications.  However, Mount does not challenge the court's determination that law enforcement derived no other evidence, i.e., his confession, from the identifications.

{¶6}   Our review of a trial court's decision on a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  When considering a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate witness credibility.  *Id.*  Accordingly, we defer to the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Landrum*, 137 Ohio App.3d 718, 722, 739 N.E.2d 1159 (4th Dist.2000).  Accepting those facts as true, we must independently determine whether the trial court reached the correct legal conclusion in analyzing the facts of the case.  *Burnside* at ¶ 8.

### B.  Admissibility of the Eyewitness Identifications

{¶7}   " 'When a witness has been confronted with a suspect before trial, due process requires a court to suppress her identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances.' "  *State v. Garvin*, 197 Ohio App.3d 453, 2011-Ohio-6617,

967 N.E.2d 1277, ¶ 22 (4th Dist.), quoting *State v. Waddy*, 63 Ohio St.3d 424, 438, 588 N.E.2d 819 (1992). Under this two-prong test, the first question is whether the identification procedure was unnecessarily suggestive. "A defendant has 'the burden of going forward and the burden of persuasion' to establish, by a preponderance of the evidence, that a pretrial identification procedure was unnecessarily suggestive." *Id.* at ¶ 23, quoting *State v. Greene*, 4th Dist. No. 1211, 1979 WL 206802, *4 (Apr. 12, 1979). "Suggestiveness depends upon a variety of factors, such as the size of the array, its manner of presentation, and its contents." *State v. Cook*, 10th Dist. Nos. 09AP-316 & 09AP-317, 2010-Ohio-2726, ¶ 39. If the defendant does not prove that the procedure was unnecessarily suggestive, our inquiry ends. *Garvin* at ¶ 23. *See State v. Conley*, 4th Dist. No. 08CA784, 2009-Ohio-1848, ¶ 9 ("Generally, as long as pretrial identification procedures are not unduly suggestive, issues concerning the reliability of that identification [go] to the weight of the evidence, not its admissibility.").

{¶8} However, if the pretrial identification procedure is deemed unnecessarily suggestive, the next question becomes whether the identification was unreliable under the totality of the circumstances, i.e., whether the suggestive procedure created a " 'very substantial likelihood of irreparable misidentification.' " *Garvin* at ¶ 25, quoting *Waddy* at 439. The defendant also had the burden of proof on this issue. *Cook* at ¶ 37. " 'In evaluating whether the procedure created a very substantial likelihood of irreparable misidentification, courts should look to the following key factors: (1) the witness's opportunity to view * * * the defendant during the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the suspect, (4) the witness's certainty, and (5) the time elapsed between the crime and the identification.' "

*Garvin* at ¶ 25, quoting *State v. Dickess*, 174 Ohio App.3d 658, 2008-Ohio-39, 884 N.E.2d 92, ¶ 24 (4th Dist.).

{¶9}   Mount contends the identification procedure was unnecessarily suggestive because the trooper only showed the witnesses one photograph and told them it was of the registered owner of the crashed vehicle.  Even if we assume the identification procedure was unnecessarily suggestive, it did not create a very substantial likelihood of irreparable misidentification.  The stipulated facts do not contain much detail.  However, the witnesses were clearly able to view the defendant long enough, in close enough proximity, and in sufficient lighting, to tell he had a bloody face and identify the color of his coat.  Thus, there is evidence that the witnesses had some opportunity to view the defendant during the crime and were not inattentive.  Mount attempts to claim the witnesses had little opportunity to view the suspect and were inattentive because they were calling 911 as they approached the car, the person in the car "quickly ran" from the scene, and the accident occurred at dusk.  However, none of these facts appear in the stipulated facts the court used to reach its decision, so we must disregard them.

{¶10}  The stipulated facts do not indicate the exact time the crash occurred.  However, once the trooper arrived on the scene and spoke to the witnesses, he only spent ten to fifteen minutes searching the woods for the suspect before he obtained Mount's picture and showed it to the witnesses.  Given this timeline, it is reasonable to presume the identifications occurred within an hour or two of the crash, lending credence to their accuracy.  *See by way of analogy State v. Madison*, 64 Ohio St.2d 322, 332, 415 N.E.2d 272 (1980), quoting *Bates v. United States*, 405 F.2d 1104, 1106

(D.C.Cir.1968) (explaining that " '[t]here is no prohibition against a viewing of a suspect alone in what is called a 'one-man showup' when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy.' ")

{¶11} The fact that two witnesses identified Mount points to reliability. And the witnesses expressed no doubts when they identified the defendant as the person who fled from the crashed vehicle. Moreover, the witnesses gave an accurate description of Mount before the identification. They told the trooper the suspect had a bloody face and was wearing a blue coat. After they identified the defendant, other officers found Mount approximately an hour later, hiding behind a house about one-half mile from the crash scene with a bloody face and wearing a blue coat.

{¶12} Given these facts, we conclude that under the totality of the circumstances there was no substantial likelihood of irreparable misidentification. Because the identifications were not unreliable, the trial court properly denied the motion to suppress. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.[1]

JUDGMENT AFFIRMED.

---

[1] In any event, Mount's confession to driving the vehicle and abandoning it after the accident was not derived from the photo identifications. In light of his confession we see no chance whatsoever that suppression of the photo identification would have resulted in finding Mount not guilty.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**