OPINION
{¶ 1} This is an appeal from a jury determination convicting appellant of guilt as to the charge of burglary.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 20, 2002, the residence of Danny and Lori Borne was entered.
 {¶ 3} On such date a witness, Michael Murphy, while driving by such property observed a male on the back porch of the Borne residence. The security alarm had sounded. Murphy continued to watch and saw such individual leave the Borne property and enter the nearby woods. He was able to identify the clothing of such person and his unique nose. He also testified as to an unoccupied vehicle parked nearby.
 {¶ 4} Such vehicle was registered to appellant.
 {¶ 5} Another witness, Delmar Rink also heard the alarm and saw the individual run into the woods. He also testified as to the open door at the Borne residence and appellant's parked vehicle.
 {¶ 6} James Herstine observed a male individual near the line of the woods.
 {¶ 7} The nephew of Mr. Rink stated that a male came to his grandparents' home nearby, said his vehicle had broken down and asked for water.
 {¶ 8} Appellant was identified by such witnesses in the cruiser or at the jail as to the person seen.
 {¶ 9} In an admitted burglary in 1988 in Tuscarawas County appellant had pried open the window of a residence.
 {¶ 10} At that time he told the investigating deputy that he intended to utilize a "car trouble" story if confronted.
 {¶ 11} Appellant also had a prior burglary conviction in Carroll County in which the front residence door was pried open.
 {¶ 12} When confronted by Janette Waltz a similar disabled vehicle story was used.
 {¶ 13} After notification by the state as to the intention to use the prior convictions, an evidentiary hearing was held and the state's motion was granted.
 {¶ 14} Appellant's suppression motion was also denied.
 {¶ 15} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING TESTIMONY REGARDING THE APPELLAT'S [SIC] PRIOR CONVICTIONS WHICH RESULTED IN UNDUE PREJUDICE AND DENIED HIM HIS RIGHT TO A FAIR TRIAL."
 {¶ 17} "II. THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF PROSECUTORIAL MISCONDUCT."
 {¶ 18} "III. THE TRIAL COURT ERRED IN PERMITTING THE IDENTIFICATION OF THE APPELLANT UNDER CIRCUMSTANCES WHICH WERE MISLEADING AND UNFAIR."
 I. {¶ 19} The first Assignment of Error asserts an abuse of discretion as to the prior conviction evidence.
 {¶ 20} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. Therefore, we will not disturb a trial court=s evidentiary ruling unless we find said ruling to be an abuse of discretion.
 {¶ 21} In order to find an abuse of discretion, we must determine that the trial court=s decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 22} Evidence Rule 404(B) and R.C. § 2945.59 referencing the admissibility of "other acts" testimony provide:
 {¶ 23} "EVID. R. 404(B) Other Crimes, Wrongs or Acts
 {¶ 24} "Evidence of other crimes, wrongs or acts of the accused are not admissible to show that the accused committed the crime with which he is now charged. The prosecution may not offer evidence that the accused has perpetrated earlier burglaries to prove that he committed the burglary with which he is now charged. The rule does permit the use of such evidence for other purposes. In a non-exclusive listing, the rule sets forth the purposes of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 {¶ 25} "2945.59 PROOF OF DEFENDANT'S MOTIVE
 {¶ 26} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 27} After the testimony relative to the details of prior criminal activity of appellant, the trial court instructed the jury:
 {¶ 28} "THE COURT: Ladies and Gentlemen, I am going to give you an instruction which I will also be giving you in writing at the end of the case; and that is that this testimony was not admitted to show the character of the Defendant or that he acted in conformity with that character.
 {¶ 29} "It was admitted for a limited purpose, and that limited purpose was for any evidentiary value it may have relative to the intent of the Defendant, preparation, or plan with regard to the particular case you are considering; but you are not to consider for any other purpose as to his character or that he acted in conformity with that character in this particular case."
 {¶ 30} Similar instructions were again given on page 412 lines 5-15 of Vol. III of the transcript.
 {¶ 31} Also on page 493 of such Vol. III in the jury instructions, the trial court again reiterated its cautionary explanation as to consideration of the prior acts testimony:
 {¶ 32} "Testimony has been introduced that the Defendant was convicted of other criminal offenses. That testimony was admitted for only one limited purpose, to show the Defendant's intent, preparation, plan, or identity.
 {¶ 33} "It was not to be considered and may not be considered to show the character of the Defendant or that he acted in conformity with that character."
 {¶ 34} The evidence of the prior crimes and conduct admission by appellant clearly show, if accepted by the jury, a similar mode of operation, i.e., a somewhat isolated residence, forced entry, utilization of a "car trouble" story if possibility of capture occurred.
 {¶ 35} These things could indicate a mode, scheme or plan of operation or identity or, as stated in State v. Hardman (2002), Delaware App. No. 01CA-A-069, 2002 Ohio 3698, a "behavioral fingerprint".
 {¶ 36} The trial court properly advised and cautioned the jury as to the limited purpose of such evidence.
 {¶ 37} Juries are presumed to follow and obey the instructions given them by the trial court. See: Parker v. Randolph (1979), 442 U.S. 62,74-5; State v. Franklin (1991), 62 Ohio St.3d 118, 127 cert. denied119 L.Ed.2d 235.
 {¶ 38} We therefore conclude that the trial court did not abuse its discretion in admitting such evidence.
 {¶ 39} The first Assignment of Error is denied.
 II. {¶ 40} The second Assignment of Error asserts prosecutorial misconduct.
 {¶ 41} The test for prosecutorial misconduct is whether the prosecutor=s conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990),51 Ohio St.3d 160, cert. denied 112 L.Ed.2d 596; State v. Smith (1984),14 Ohio St.3d 13.
 {¶ 42} We find the argument in support of this Assignment of Error to be a reiteration of the reasons applicable to the first Assignment of Error, which we have found not well taken as we also find as to this Assignment of Error which is also rejected.
 III. {¶ 43} The third Assignment of Error alleges that the identification method utilized was unfair to appellant.
 {¶ 44} Michael Murphy, a witness, observed appellant at the Stark County Jail. Appellant was, of course, in custody. No line up occurred as appellant was alone when viewed.
 {¶ 45} Appellant, in his brief, acknowledges that a single person observation is appropriate if such occurs near the time of the offense and safeguards are followed such as:
 {¶ 46} "There is no prohibition against a viewing of a suspect alone in what is called a "one-man show" when this occurs near the time of the alleged offense. State v. Madison (1980), 64 Ohio St.2d 322, 332. Factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witnesses degree of attention, the accuracy of the witnesses prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Neil v. Biggers
(1972), 409 U.S. 188, 199-200."
 {¶ 47} We find each protective factor cited as sufficiently present, particularly when considered with the trial court's instructions on Pages. 491-492 of transcript Vol. II:
 {¶ 48} "It is your province to determine what testimony is worthy of belief and what testimony is not worthy of belief.
 {¶ 49} "Some things you may consider in weighing the testimony of identifying witnesses are the capacity of the witness; the age or intelligence or defective senses, if any; and the opportunity of the witness to observe; the witness's degree of attention at the time he or she observed the offender; the accuracy of a witness's prior description or identification, if any; whether the witness had had occasion to observe the Defendant in the past; the interval of time between the event and the identification; and all surrounding circumstances under which the witness has identified the Defendant including deficiencies, if any, on any photo display or one-on-one identification."
 {¶ 50} The third Assignment of Error is also denied.
 {¶ 51} This cause is affirmed.
By: Boggins, J., Farmer, P.J, and Wise, J. concur.