OPINION
{¶ 1} Defendant, Richard Isaac, Jr., appeals from his convictions and sentence for aggravated robbery with a firearm specification and carrying a weapon under a disability.
 {¶ 2} On January 19, 2004, Fred Walker was delivering a pizza to a location on Manhattan Avenue in Dayton when an unknown person robbed him at gunpoint. Walker escaped and called police. He described the robber and another person who he saw the robber meet with shortly after the crime.
 {¶ 3} Officer Dan Zwiesler was dispatched to investigate. He spotted two individuals in the area who matched the description in the dispatch. Officer Zwiesler pulled his firearm and ordered the two to stop. The Defendant, who was one of the two, complied, but the other suspect, Crystal Trimble, ran off, only to be caught moments later.
 {¶ 4} Officer Zwiesler put Defendant in his police cruiser and brought him to Walker, who positively identified him as the individual who had robbed him. The Defendant was arrested and charged with aggravated robbery. He moved to suppress Walker's identification testimony. The court overruled the motion after a hearing.
 {¶ 5} A jury convicted the Defendant of aggravated robbery with a firearm specification. A bench trial convicted the Defendant, a minor at the time of the incident, on the carrying a firearm under a disability charge. He was sentenced to seven years imprisonment and filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "Appellant was denied due process, a fair trial, and a proper decision on his motion to suppress, due to the trial court's apparent bias, improper rulings, and failure to apply a proper standard of review at the hearing on the motion to suppress."
 {¶ 7} Defendant raises three arguments in support of his first assignment of error. First, he argues that the trial court erred by applying an erroneous legal standard of review when it overruled his motion to suppress his identification by Walker on the night of the robbery, when Walker was unable to positively identify Defendant at the subsequent trial.
 {¶ 8} When considering a motion to suppress, the trial court assumes the role of the trier of fact and, as such, is in the best position to resolve conflicts in the evidence and determine the credibility of the witnesses and the weight to be given to their testimony. State v.Retherford (1994), 93 Ohio App.3d 586. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Id. Accepting those facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id.
 {¶ 9} Officer Dan Zwiesler testified at the hearing on the motion to suppress that after apprehending Defendant he took Walker to the police cruiser in which Defendant was seated and illuminated the Defendant's face with a flashlight. Walker then said that Defendant was "the person that had put the gun in his face." (Tr. of Motion to Suppress Hearing, p. 13).
 {¶ 10} Procedures used to identify a suspect as the individual who committed a crime, including one-man show ups, implicate the Due Process Clause of the Fifth Amendment to the United States Constitution. Stovallv. Denno (1967), 388 U.S. 298, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Identification testimony may be admissible if it is sufficiently reliable. In order to satisfy reliability, the court must find, given the totality of the circumstances, that there is not a substantial likelihood that misidentification occurred in the process. Neil v. Biggers (1972),409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; State v. Moody (1978),55 Ohio St.2d 64.
 {¶ 11} One man "showups" do not necessarily bring about misidentification; rather, they can ensure accuracy under certain circumstances. State v. Madison (1980), 64 Ohio St.2d 322, 332. The issue in one man showups conducted immediately after an incident is whether there is a very substantial likelihood of misidentification. The factors to be considered include the witness' opportunity to view the suspect during the incident, accuracy of the witness' description of the suspects' clothing and characteristics, and the proximity in time to the incident. Id.
 {¶ 12} As the Defendant notes in his brief, the trial court misstated the applicable legal standard during the hearing. However, the court corrected this error in handing down its decision, and it made several findings concerning reliability. These factors include the brief time, only a few minutes, between the incident and the identification, and the certainty of Walker's identification. The court found no substantial likelihood of misidentification and overruled Defendant's motion.
 {¶ 13} We find that the trial court applied the proper legal standard, that the identification was reliable. The court identified the factors which led to that finding, and we defer to the weight it gave to the evidence. Retherford, supra.
 {¶ 14} Next, Defendant argues that the trial court erred in failing to find that Officer Zwiesler's stop of the Defendant was illegal.
 {¶ 15} A stop of an individual by a law enforcement officer is a seizure under the Fourth Amendment to the U.S. Constitution. Terry v.Ohio, (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Law enforcement officers may briefly stop and/or detain an individual for investigation if the officers have a reasonable, articulable suspicion that criminal activity may be afoot. Reasonable suspicion is something more than an unparticularized suspicion or mere hunch, but less than the level of suspicion required for probable cause. Terry, supra.; State v. White
(Jan. 18, 2002), Montgomery App. No. 18731. To satisfy that standard, police must point to specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the intrusion. Id.
 {¶ 16} The propriety of an investigative stop or detention must be viewed in light of the totality of the surrounding facts and circumstances. State v. Bobo (1988), 37 Ohio St.3d 177. These circumstances must be viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. Statev. Andrews (1991), 57 Ohio St.3d 86.
 {¶ 17} Officer Zwiesler testified that he stopped the Defendant based on the dispatch report that two African-American males wearing dark sweatshirts had robbed a pizza delivery man within a few feet of where they were found. Defendant and Trimble matched the description. Although Trimble turned out to be a woman, the information in the dispatch concerning the crime and its two perpetrators justified stopping both Defendant and Trimble.
 {¶ 18} Third, Defendant argues that the trial court displayed a biased attitude through improper evidentiary rulings. In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. Jones v. Billingham (1995), 105 Ohio App.3d 8, 11,663 N.E.2d 657. Common pleas litigants must challenge a trial judge's objectivity by using the procedure set forth in R.C. 2701.03.
 {¶ 19} Defendant had an adequate legal remedy on his claim that the trial court judge was biased against him by filing an affidavit of disqualification with the clerk of the Supreme Court. State ex rel. Hachv. Summit Cty. Court of Common Pleas (2004) 102 Ohio St.3d 75,2004-Ohio-1800. Because only the Chief Justice or his designee may hear and decide a disqualification claim, a court of appeals is without authority to review the judgment of a trial court on a claim of bias or prejudice on the part of the judge. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-42, 8 O.O.3d 438, 377 N.E.2d 775. Appellant has provided us with no indication that he pursued a proper recusal request per R.C. 2701.03. Because we are without jurisdiction, we must decline to rule on his argument.
 {¶ 20} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 21} "Appellant was deprived of a fair trial through prosecutorial misconduct."
 {¶ 22} Defendant argues that the prosecuting attorney improperly argued during closing arguments that "every witness" had testified that the robbery occurred on January 19, 2004, when Defendant's alleged accomplice, Trimble, did not testify, concerning that date. He also asserts that the prosecutor mistakenly argued in closing that Walker had identified him as the person who robbed him.
 {¶ 23} Counsel for both the defense and the prosecution have great leeway with respect to the inferences that may be drawn from the evidence adduced at trial. State v. Benge (1996), 75 Ohio St.3d 136, 1996-Ohio-227. In order to justify a claim for prosecutorial misconduct, the Defendant must show prejudice resulting from prosecutor's statements. Id.
 {¶ 24} Even though the prosecutor is the actor who commits it, permitting prosecutorial misconduct is a matter of judicial error, but reversal is required only if the party who later objects on appeal has preserved the error by a timely objection. Absent an objection, such misconduct is grounds for reversal only upon a finding of plain error. Civ.R. 52(B). Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 25} Defendant failed to object at trial to the prosecutor's representations about which he now complains. Defendant attempts to avoid his own failure by arguing that he was prejudiced by prosecutorial misconduct. However, to constitute misconduct, the prosecutor's acts must be improper. Where that element is lacking, defense counsel ought not impugn the professional integrity of his colleagues who are prosecutors through misplaced claims of prosecutorial misconduct. State v. McGonegal
(Nov. 2, 2001), Montgomery App. No. 18639.
 {¶ 26} Neither of the two representations cited by the Defendant rise to the level of prosecutorial misconduct, much less any plain error on the court's part in permitting them. There is a significant amount of evidence that shows the incident did occur on the date alleged. Further, the prosecutor didn't say that Walker had identified Defendant as the robber, but said that Trimble testified that Defendant was the man who robbed Walker, which is correct. Regardless, Defendant merely notes the discrepancies but fails to show any prejudice. Having failed to meet that burden, his assignment of error fails. Benge, supra.
 {¶ 27} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 28} "Appellant was denied his constitutionally guaranteed right to effective assistance of counsel."
 {¶ 29} Defendant argues that he was prejudiced by ineffective assistance of counsel when his defense counsel failed to object to portions of the prosecuting attorney's closing argument discussed supra.
Because there was no misconduct on the part of the prosecuting attorney, there was nothing for the defense counsel to object to, and Defendant's assertion is without merit.
 {¶ 30} Defendant also argues that his defense attorney failed to object to two lines of questioning by the State. First, Officer Zwiesler testified that as he drove closer to the two suspects it became obvious to him that they recognized he was driving a police cruiser. Second, the following line of questions was put to Walker, the robbery victim:
 {¶ 31} "Q (Prosecuting Attorney): Okay. Uh . . . and did you see anyone else during that time?
 {¶ 32} "A (Walker): Uh . . . a short, small-framed individual with a jersey come sneaking up between the two houses.
 {¶ 33} "Q: Okay. And if you — if you know was that the same person who had just, uh . . . been involved in the robbery?
 {¶ 34} "A: Chances are very good it was." [sic] (Tr. of Trial, p. 37).
 {¶ 35} Defendant argues that these responses were speculative and subject to objections his attorney failed to make. Because of that failure, Defendant argues, he was denied his Sixth Amendment right to effective assistance of counsel.
 {¶ 36} To determine whether assistance of counsel was so inadequate as to deprive a defendant of a fair trial, we look to see if: 1)the defense counsel was incompetent when judged by a reasonable attorney standard; and 2) if so, was the defendant prejudiced by this incompetence. SeeStrickland v. Washington (1984), 446 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. There is a strong presumption that the defense counsel's conduct falls within the wide range of reasonable professional assistance, and it is the defendant's burden to overcome that presumption. Id.
 {¶ 37} Courts have long held that failure to object to minor evidentiary matters do not fall outside the conduct of a reasonable attorney. See e.g. State v. Richey (1992), 64 Ohio St.3d 353, 1992-Ohio-44. Whether to object is a tactical decision made by the attorney in the heat of trial. Defendant fails to show how his trial counsel's failure to object falls outside the conduct of a reasonable attorney, and fails to show how he suffered any material prejudice as a result.
 {¶ 38} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 39} "Appellant's convictions were against the manifest weight of the evidence."
 {¶ 40} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences is the more believable or persuasive. See State v. Thompkins (1997), 78 Ohio St.3d 380. This court, in reviewing the entire record, will weigh the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. We will not reverse a jury verdict when there is substantial evidence upon which a jury could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt. State v. Brown (1988), 38 Ohio St.3d 305.
 {¶ 41} Defendant points to several inconsistences and weaknesses in the State's evidence in an attempt to show error on the trial court's behalf. However, the credibility of the witnesses and the weight to be given to their testimony is a matter for the trier-of-fact to resolve.State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 42} Here, the jury and the trial court found the State's witnesses to be more credible. Because there is some substantial evidence upon which the jury could find beyond a reasonable doubt that all elements of the offense had been committed, we overrule the assignment of error.
 {¶ 43} The fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR {¶ 44} "The cumulative effect of the errors occurring at trial deprived appellant of a fair trial."
 {¶ 45} Defendant argues that even if the errors identified in the previous four assignments of error do not rise to the level of prejudicial error individually, the cumulative effect of those errors was to deprive him of a fair trial.
 {¶ 46} Having overruled each of the individual assignments of error, we find that there is no error to accumulate.
 {¶ 47} The fifth assignment of error is overruled.
 {¶ 48} The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.