[Cite as *State v. Peck*, 2014-Ohio-2820.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                             :
                                          :       Appellate Case No. 25999
         Plaintiff-Appellee               :
                                          :       Trial Court Case No. 12-CR-3646
v.                                        :
                                          :
THOMAS PECK                               :       (Criminal Appeal from
                                          :        Common Pleas Court)
         Defendant-Appellant              :
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . .

MATHIAS H. HECK, JR., by TIFFANY ALLEN, Atty. Reg. #0088791, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. #0088791, Arnold & Arnold, Ltd., 120 West Second Street, Suite 703, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Thomas Peck appeals from his conviction and sentence for

Possession of Heroin, in violation of R.C. 2925.11(A). Peck contends that the trial court erred in overruling his motion to suppress evidence obtained as the result of a warrantless intrusion by police officers into his hotel room.

{¶ 2}    We conclude that the trial court did not err in overruling Peck's motion to suppress, because exigent circumstances existed permitting the officers to enter the hotel room to ensure the safety of the officers and other persons in the room. Accordingly, the judgment of the trial court is Affirmed.

**I. Police Investigate a Report that Peck, a Hotel Guest,**

**Was Waving a Gun at another Person; a Woman Opens**

**the Hotel Room Door in Response to the Officers' Knock;**

**and the Officers See Peck Making a Diving Movement Near his Bed**

{¶ 3}    Based on testimony provided at the suppression hearing, the trial court made the following findings of fact:

[O]n August 25, 2012, Riverside Police received a menacing complaint from the Airview Inn. Responding to the call, Sergeant Colon was told by the complainant that he had been threatened with a gun by a male staying in Room 205. Three of the complainants' co-workers gave the same information.

Sergeant Colon and three other officers went to Room 205. They knocked on the door, eliciting a female asking, "who is it?" When advised that the police were knocking, the female opened the door to the room. With the door open wide enough for the officers to see within the room, they observed a male make a

diving-type gesture towards the floor. Fearing for officer safety, the officers entered the room, weapons drawn. Defendant was placed on the floor and handcuffed. Officers searched in the lounge area for a weapon, finding nothing. Defendant was patted down for weapons. During the frisk for weapons, Sergeant Colon felt a bulge in Defendant's right front pocket that had a rocky-type feel. Believing the substance to be illegal narcotics based upon the plain feel of it, the substance was removed from Defendant's pocket. The substance/object was a ziplock bag containing heroin. Defendant was removed from the room and placed in Officer Treon's cruiser. Officer Schmidt informed Sergeant Colon that Defendant had been Mirandized and waived his rights. The police interviewed Defendant after he had been read his rights and agreed to make statements without a lawyer present.

Defendant's room and car were searched. No gun was ever found. The room was registered in the name of Samantha Peters. Ms. Peters gave consent to search the room. The motel listed both Ms. Peters and Defendant as guests in the room.

Dkt. 36, p. 1-2.

## II. Course of the Proceedings

**{¶ 4}** In January 2013, Peck was indicted on one count of Possession of Heroin in an amount equaling or exceeding one gram, but less than five grams, in violation of R.C. 2925.11(A), a felony of the fourth degree. Peck moved to suppress the evidence obtained by the

police, contending that the police did not have a warrant when they searched him and there were no exigent circumstances justifying an immediate, warrantless search of Peck's hotel room. The trial court overruled Peck's motion to suppress.

{¶ 5} Peck then pled no contest. The trial court found Peck guilty of Possession of Heroin and sentenced him to twelve months in prison. The trial court also suspended Peck's driver's license for a term of six months. Peck appeals from his conviction and sentence.

### III. The Trial Court Did Not Err in Overruling Peck's Motion to Suppress

{¶ 6} Peck's sole assignment of error states:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE, SEIZED IN THE WARRANTLESS ENTRY AND SEARCH OF APPELLANT'S MOTEL ROOM, WHERE THERE WAS NO CONSENT TO SEARCH GIVEN AND WHEN NO EXIGENT CIRCUMSTANCES EXISTED JUSTIFYING THE ENTRY INTO THE PREMISES AND THE SUBSEQUENT SEARCH OF APPELLANT.

{¶ 7} In deciding a motion to suppress, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Hopfer*, 112 Ohio App.3d 521, 548, 679 N.E.2d 321 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (4th Dist.1994). The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. *State v. Isaac*, 2d Dist. Montgomery No. 20662, 2005-Ohio-3733, ¶ 8, citing *State v. Retherford*, 93 Ohio App.3d 586, 639 N.E.2d 498 (2d Dist.1994). Accepting those facts as true,

the appellate court must then determine as a matter of law, without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. *Id.* We have reviewed the record before us and conclude that the trial court's findings of fact are supported by competent, credible evidence.

{¶ 8} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *State v. Orr*, 91 Ohio St.3d 389, 391, 745 N.E.2d 1036 (2001). Fourth Amendment searches without a warrant are per se unreasonable and illegal in the absence of an exception to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967); *State v. Cosby*, 177 Ohio App.3d 670, 2008-Ohio-3862, 895 N.E.2d 868, ¶ 16 (2d Dist.). The Supreme Court of Ohio has recognized seven exceptions including the " 'presence of exigent circumstances.' " (Citation omitted.) *State v. Price*, 134 Ohio App. 3d 464, 467, 731 N.E.2d 280 (9th Dist.1999). The burden is on the State to demonstrate exigent circumstances that overcome the presumption of unreasonableness for warrantless home searches. *Welsh v. Wisconsin*, 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).

{¶ 9} "The exigent or emergency circumstances exception justifies a warrantless entry in a variety of situations, including when entry into a building is necessary to protect or preserve life, to prevent physical harm to persons or property, or to prevent the concealment or destruction of evidence, or when someone inside poses a danger to the police officer's safety." (Citations omitted.) *State v. Sharpe*, 174 Ohio App.3d 498, 2008-Ohio-267, 882 N.E.2d 960, ¶ 48 (2d Dist.). "[T]he mere fact that a firearm may be located within a private home is not, by itself, sufficient to create an exigent or emergency circumstance. * * * What must be present is a risk of

danger from its use." (Citation omitted.) *Sharpe* at ¶ 50.

{¶ 10} The trial court found that concerns for officer safety justified the intrustion into Peck's hotel room under the exigent circumstance exception. The trial court stated, in part:

> The police entry into the Motel room without a warrant was justified by exigent circumstances. The police had information from a complainant at the scene, corroborated by others, that a male occupant of Room 205 had made threats with a gun. When the door to that room was opened, the Court finds credible Sergeant Colon's testimony that the police saw a male in the room make a dive towards the floor, creating exigent circumstances necessitating immediate entry for officer safety. Upon entry into the room due to exigent circumstances, the officers frisked Defendant for weapons. On a plain feel basis, Sergeant Colon discovered drugs in Defendant's pocket. As Defendant was also being arrested for aggravated menacing, the search of Defendant also falls within a search incident to arrest.

Dkt. 36, p. 2.

{¶ 11} We agree with the trial court that the totality of the circumstances established an exigency that permitted the police officers' warrantless intrusion into Peck's hotel room. The officers were informed by Dispatch that a hotel guest had called 911 and reported that a man at the hotel had threatened him with a gun. The officers arrived at the scene and spoke with the 911 caller. The police also spoke with three of the 911 caller's co-workers, all of whom had witnessed Peck threaten him with a gun. The hotel guests informed the police officers that Peck was in Room 205. When the officers knocked on Room 205 and identified themselves as

Riverside Police Officers, a woman opened the door wide enough for Officer Colon to see Peck standing in the room near a bed. Peck then suddenly made a diving or lunging motion. Officer Colon testified that this motion, along with the reports of a man fitting Peck's description threatening others with a gun, caused Colon to fear that Peck was making a sudden move for a gun. Based upon these facts, we conclude that exigent circumstances existed that permitted the officers to make an immediate, warrantless intrusion into the hotel room to ensure their safety, and the safety of the other occupant or occupants of the room.

{¶ 12} The parties disagree over whether our decision in *State v. Burchett*, 2d Dist. Montgomery No. 20166, 2004-Ohio-3095, controls this case. In *Burchett*, we held that the exigent circumstance exception based on officer safety justified a warrantless intrusion into a private apartment when the defendant answered the door by pointing a gun out the door at officers who were investigating an informant's tip about potential drug activity. *Id.* at ¶ 20-21. Peck contends that *Burchett* is inapposite, because no gun was ever found in Peck's hotel room, let alone pointed at the police officers. The State disagrees, noting that the officers in this case relied on tips from eyewitnesses they had interviewed and, therefore, "had more concrete, consistent facts supporting" their concerns for officer safety as they approached the hotel room than the officers in *Burchett*, who were relying on an anonymous tip.

{¶ 13} Although the facts in *Burchett* are not completely on point with the case before us, we conclude that it weighs in favor of the State's position. Our earlier decision in *State v. Barber*, 2d Dist. Montgomery No. 19017, 2002 WL 1393556 (June 28, 2002), is also instructive. In *Barber*, the police knocked on the door of an apartment to investigate potential drug activity at the apartment. When the defendant answered the door, "he immediately backed up inside the

apartment and began to reach behind his back with his left hand." Id. at * 2. The officers immediately entered the apartment, grabbed the defendant, and restrained him, based on their concern that the defendant might be reaching for a gun, because guns are often present where drugs are sold and guns are frequently hidden behind a person's back in the waistband area. *Id.* Like the facts in *Barber*, the police in the case before us had a reasonable suspicion that a gun was likely present and Peck made sudden movements that reasonably could be interpreted as a move toward a gun. Therefore, we conclude that the trial court did not err in overruling Peck's motion to suppress.

{¶ 14} Peck's sole assignment of error is overruled.

### IV. Conclusion

{¶ 15} Peck's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Tiffany Allen
Adam J. Arnold
Hon. Mary L. Wiseman